IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CAROL PETHTEL, individually
and in her capacity as
Administratrix of the ESTATE OF
THOMAS SAMUEL PETHTEL, JR.,
deceased, and as guardian ad litem
for TARA BROTHERS, TABITHA PETHTEL,
and THOMAS S. PETHTEL, III,

    Plaintiffs,

v.                                        Civil Action No. 5:06CV87
                                                    (STAMP)

WEST VIRGINIA STATE POLICE,
COLONEL DAVID L. LEMMON, Superintendent
of the West Virginia State Police,
SERGEANT GERALD L. MENENDEZ,
SERGEANT CHARLES F. TRADER,
FIRST SERGEANT DAVID B. MALCOMB,
FIRST SERGEANT SCOT L. GOODNIGHT,
CORPORAL R. L. MEFFORD and
TROOPER J. A. SIMMONS, individually
and in their capacity as members of
the Special Response Team-Alpha Team
of the West Virginia State Police and
CAPTAIN T.L. PHILLIPS, State Police
Commanding Officer in Ohio County,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO STRIKE
PLAINTIFFS' EXPERT'S ANTICIPATED TESTIMONY**

I.    Background

The above-styled civil action arises from events surrounding the shooting death of Thomas Pethtel ("Pethtel") by the Special Response Team of the West Virginia State Police. On November 13, 2007, the defendants filed a motion to strike and exclude the anticipated testimony of the plaintiffs' expert witness, Larry M. Dehus ("Dehus"). Specifically, the defendants seek to exclude Dehus' opinions concerning blood splatter in the room where Pethtel was shot. According to the defendants, those opinions should be

excluded because the plaintiffs failed to disclose them timely pursuant to this Court's scheduling order, as amended, or to disclose them properly pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). The defendants also seek to exclude Dehus' opinion regarding the trajectory of the bullet. In support, the defendants contend that the opinion does not comport with Federal Rule of Evidence 702 in that it would not assist the trier of fact.

The plaintiffs filed a response arguing that the defendants fully deposed Dehus on his opinions regarding blood splatter, that the plaintiffs will have had ample time to obtain counter expert opinions, and that the plaintiffs have waived time restrictions on the matter to allow the defendants to obtain such opinions. The plaintiffs also contend that Dehus' testimony regarding the trajectory of the bullet that killed Pethtel will assist the trier of fact to determine a fact in issue because it supports the eyewitness testimony of Randi Scott that Pethtel was no longer standing, and had therefore ceased to pose a threat, when the fatal shot was fired.

In their reply, the defendants maintain that the plaintiffs' late disclosure of all of their expert's opinions prejudiced the defendants' ability to fully and meaningfully depose Dehus because they lacked the opportunity to research the bases for Dehus' opinions and to obtain their own expert to assist them in their preparation. As to Dehus' opinion concerning the bullet trajectory, the defendants argue that the expert testimony will do nothing more than demonstrate that, at the time Pethtel was shot, it is equally likely that he was sitting as it is that he was

2

standing. Accordingly, they conclude, the testimony will not assist the trier of fact to determine a relevant issue at trial.

## II. Discussion

### A. Expert Testimony Concerning Blood Splatter

Federal Rule of Civil Procedure 26(a)(2) governs disclosure of expert testimony and provides that a party's disclosure of a testifying expert be accompanied by a written report prepared and signed by the expert witness. Fed. R. Civ. P. 26(a)(2)(B). Additionally, Rule 26 mandates that the expert report

> contain a complete statement of all the opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B).

By order dated December 1, 2006, this Court required the party bearing the burden of proof on an issue to make expert disclosures, in accordance with Federal Rule of Civil Procedure 26(a)(2)(A) and (B), by no later than June 20, 2007. On August 15, 2007, the plaintiffs filed a motion for an extension of time to complete discovery. This Court granted the plaintiffs' request and set the new deadline for expert disclosures as September 21, 2007.

On September 21, 2007, the plaintiffs identified Dehus as a testifying expert witness and supplied the defendants with a copy of a preliminary report containing two opinions on which Dehus intended to testify at trial. One opinion concerned the trajectory

of the bullet, and the other concerned the location of a kitchen knife with blood on or around it.[1] The preliminary report did not include an opinion on blood smears or splatters. That opinion was added in a letter delivered to the defendants on October 30, 2007, the morning of Dehus' scheduled deposition. This opinion was not in the written report provided to the defendants within the time set by this Court's scheduling order as extended, and was, therefore, improperly made. The defendants did not have an opportunity to consult with other experts to prepare for cross examination of Dehus at his deposition, and the defendants missed the deadline for naming a rebuttal witness within the scheduling order's deadlines. Consequently, this Court finds that plaintiffs' expert's testimony concerning blood splatter should be excluded. Accordingly, this Court will grant that portion of the defendants' motion seeking to exclude Dehus' opinions concerning blood splatter.

B. <u>Expert Testimony Concerning Bullet Trajectory</u>

The plaintiffs' expert's report submitted to the defendants on September 21, 2007 did include Dehus' opinion concerning the trajectory of the bullet that killed Pethtel, and the defendants do not argue that disclosure of that opinion was untimely. Rather, they contend that the expert testimony concerning the bullet's trajectory should be excluded under Federal Rule of Evidence 702, which provides, in pertinent part:

---

[1] The defendants do not object to Dehus' opinion about the location of the kitchen knife.

4

> If a scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

Fed. R. Evid. 702.

The defendants do not challenge Dehus' technical qualifications as an expert witness; rather, they argue that his testimony will not assist the trier of fact to understand the evidence or to determine a fact in issue. Dehus' report states that, based upon his review of the autopsy report, "the bullet path in Mr. Pethtel's head is consistent with him being down and at or near the position the body is shown after the shooting occurred." (Dfs.' Mot. to Strike Pls.' Expert's Anticipated Test., Ex. 1.) The defendants would have this Court exclude Dehus' opinion on the trajectory of the bullet because Dehus stated in his deposition that the forensic evidence does not conclusively demonstrate that Pethtel was sitting, as opposed to standing, when he was fatally shot. However, this Court believes that Dehus' testimony could assist the trier of fact in making the factual determination of whether Pethtel was standing or sitting. Accordingly, this Court will deny that portion of the defendants' motion seeking to strike Dehus' testimony concerning the trajectory of the bullet.

### III. Conclusion

For the above-stated reasons, the defendants' motion to strike the anticipated testimony of plaintiffs' expert, Larry M. Dehus, is GRANTED as to his blood splatter opinions and DENIED as to his bullet trajectory opinion.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    February 19, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE